| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with D.N.J. LBR 9004-1**<br><br>DENISE CARLON, ESQUIRE<br>KML LAW GROUP, P.C.<br>701 Market Street, Suite 5000<br>Philadelphia, PA 19106<br>dcarlon@kmllawgroup.com<br>Attorneys for Secured Creditor<br>MidFirst Bank | Order Filed on June 3, 2022<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In Re:<br><br>Sylvia Collymore,<br><br>Debtor. | Case No.: 22-11992 VFP<br>Adv. No.:<br>Hearing Date: 5/19/2022 @ 8:30 a.m.<br><br>Judge: Vincent F. Papalia |

### ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through two (2) is hereby **ORDERED**

**DATED: June 3, 2022**

_____
**Honorable Vincent F. Papalia**
**United States Bankruptcy Judge**

Page 2
Debtor: Sylvia Collymore
Case No.: 22-11992 VFP
Caption: **ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN**

This matter having been brought before the Court by KML Law Group, P.C., attorneys for Secured Creditor MidFirst Bank, holder of a mortgage on real property located at 743 Flittertown Road, Hammonton, NJ, 08037, Denise Carlon appearing, by way of objection to the confirmation of Debtors' Chapter 13 Plan, and this Court having considered the representations of attorneys for Secured Creditor and Virginia E. Fortunato, Esquire, attorney for Debtor, Sylvia Collymore, and for good cause having been shown;

It **ORDERED, ADJUDGED and DECREED** that Debtor shall pay the arrearage claim of Secured Creditor (Claim # 14) outside of the bankruptcy case; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that that the Trustee is not to pay the Proof of Claim; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that the Secured Creditor can apply funds received post-petition to amount that came due pre-petition, and said application shall not be deemed a violation of the automatic stay; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor's objection to confirmation is hereby resolved.